Filed 5/26/15  P. v. Jordan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077329 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F07499) |
| v. | |
| CELESTE JORDAN, | |
| Defendant and Appellant. | |

Defendant was charged with first degree residential burglary.  The information alleged defendant was previously convicted of two prior strike convictions and two prior serious felony convictions and served two prior prison terms.

Defendant pled no contest to burglary and admitted a prior strike in exchange for a stipulated eight-year state prison sentence and dismissal of the balance of charges against him.  The factual basis for the plea was:

On November 16, 2013, defendant unlawfully entered the home of his cousin, Myisha Jordan, with the intent to commit theft.  On December 7, 1982, defendant was convicted of robbery, a strike.

The trial court sentenced defendant to the stipulated term of eight years (the middle term of four years, doubled for the prior strike) in state prison.  The court imposed a $280 restitution fine, a $280 parole revocation fine stayed pending successful completion of parole, a $30 court facility fee, and a $40 court security assessment, reserved the issue of victim restitution, and awarded defendant 481 days of presentence custody credit (241 actual days plus 240 conduct credits).

Defendant filed a timely notice of appeal.  The court denied his request for a certificate of probable cause.

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

        ROBIE        , J.

We concur:

    RAYE        , P. J.

    DUARTE      , J.